UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| **MARGARET ACTIVE,** | ) |
| **Plaintiff,** | ) 3:11-cv-00249 JWS |
| **vs.** | ) **ORDER AND OPINION** |
| **DELTA WESTERN, INC.,** | ) **[Re: Motion at docket 19]** |
| **Defendant.** | ) |

## I. MOTION PRESENTED

At docket 19, plaintiff Margaret Active ("plaintiff" or "Active") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss defendant's wrongful death counterclaim. Defendant Delta Western, Inc. ("defendant" or "Delta") opposes the motion at docket 20. Plaintiff's reply is at docket 23. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

M.M., a minor, was injured when his ATV struck a mooring line that connected Delta's oil barge to a beach in Togiak, Alaska. One of M.M.'s passengers, C.K., died from injuries sustained in the accident. Active is M.M.'s mother. She has asserted a negligence claim against Delta.

Delta settled all claims with C.K.'s estate, and the settlement was approved by the Alaska Probate Court. As part of the settlement, Delta was assigned all claims against other parties arising out of C.K.'s death. Delta has asserted a counterclaim for wrongful death against M.M. pursuant to AS 09.55.580.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a party's claims. In reviewing such a motion, "[a]ll allegations of material fact in the [counterclaim] are taken as true and construed in the light most favorable to the nonmoving party."[1] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[2] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[3]

To avoid dismissal, a party must plead facts sufficient to "state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [other party] is liable for the misconduct alleged."[5] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a [party] has acted unlawfully."[6] "Where a [counterclaim] pleads facts that are 'merely consistent' with a [party's] liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[7] "In sum, for a [counterclaim] to survive a motion to dismiss, the

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[3] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[5] *Id.*

[6] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 557).

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the [claimant] to relief."[8]

### IV. DISCUSSION

In *Mat-Su Regional Med. Ctr. v. Burkhead*, the Alaska Supreme Court noted that "although [it has] never expressly held that assignments of personal injury claims are invalid as a matter of public policy, [it has] long recognized a 'general rule of non-assignability of claims for personal injury' under Alaska law."[9] Plaintiff argues that defendant's counterclaim for wrongful death should be dismissed based on that general rule.

The Alaska Supreme Court has recognized limited exceptions to the general rule. In *Croxton v. Crowley*,[10] for instance, the court found that reassignment of a wrongful death claim against an employer's parent company–a claim that had been assigned to the employer by statute and then reassigned to the estate of the decedent by the employer's insurance company–was effective. The court reasoned that the policy behind the rule of non-assignability is not implicated when the assignment is to the injured party.[11]

Delta argues that *Croxton* stands for the proposition that "the public policy behind non-assignment does not apply where the assignee is not a stranger to the underlying dispute."[12] Delta's reading of the case is overly broad. As this court reads it, the exception recognized in *Croxton* is limited to reassignment of a claim to the injured

---

[8]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[9]225 P.3d 1097, 1102 (Alaska 2010) (quoting *Croxton v. Crowley Mar. Corp.*, 758 P.2d 97, 99 (Alaska 1988)).

[10]758 P.2d 97 (Alaska 1988).

[11]*Id.* at 99 (citing *Caldwell v. Ogden*, 618 F.2d 1037, 1048 (4th Cir. 1980).

[12]Doc. 20 at 3.

party.[13]  Consequently, even though Delta is not a stranger to the action, *Croxton* does not compel recognition of assignment of C.K.'s wrongful death claim.  Moreover, to the extent *Croxton* does permit assignment of claims from one party to a related party, the relationship in that case–employer-employee–arose before the claim accrued.[14]  Here, there was no relationship between C.K. and Delta before the injury occurred.

In *Deal v. Kearney*,[15] the background was this: A hospital which had been sued by a patient named Kearney settled with Kearney, paying him $510,000 and assigning him its rights to indemnity, contribution, and equitable subrogation against Kearney's treating physician, Dr. Deal.  Kearney then sued Dr. Deal.  The Alaska Supreme Court held that assignment of the claims for indemnity, contribution, and subrogation was valid because "regardless of whether the assigned claims are thought of as originating in tort or contract, the 'injury' [to the hospital was] not a 'personal injury' subject to the general rule on non-assignability."[16]  Delta argues in its memorandum:  "The wrongful death claim is not based on a claim for an injury to the Estate's "person"; it is based on the Estate's economic losses arising out of C.K."s death."[17]  However, the Estate here, unlike the hospital in *Kearney*, is a surrogate for the deceased person.  It exists only because of the personal injury to the deceased.

---

[13] *See Croxton*, 758 P.2d at 99 ("While this reason may be sensible in other situations, it has little force in the specific context of an insure *re* assigning a right of action back to the estate of a deceased employee.").  *See also Caldwell*, 618 F.2d at 1048 ("Those purposes, to prevent unscrupulous strangers to an occurrence from preying on the deprived circumstances of an injured person, and to prohibit champerty, simply have no applicability where the assignment is to the injured person himself.").

[14] *Croxton*, 758 P.2d at 99 ("In this limited context, the purchase and sale of a cause of action for pain and suffering would be between the employer (or insurer) and the estate of the deceased employee.  This type of transaction is considerably less offensive to us than when an unrelated third party purchases the rights to such a cause of action.").

[15] 851 P.2d 1353 (Alaska 1993)

[16] *Id.* at 1356.

[17] Doc. 20 at p. 8.

Delta also argues that it is not seeking to recover any damages for the personal injury to the decedent, only the pecuniary loss to the estate. However, *Deal* was concerned with injury, not damages, which are compensation for injury. Paragraph (a) of AS 09.55.580 states that "when the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter *for an injury done by the same act or omission.*"[18] It is clear from this paragraph that a wrongful death claim is properly categorized as a "personal injury" claim. A personal injury claim is subject to the general rule that "tort actions for personal injuries are not assignable."[19] Delta has not shown that its wrongful death claim falls within an exception to that rule.

## V. CONCLUSION

For the reasons above, Active's motion to dismiss Delta's counterclaim is **GRANTED**.

DATED this 12th day of June 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[18] AS 09.55.580(a) (emphasis added).

[19] *Wichman v. Benner*, 948 P.2d 484, 487 (Alaska 1997).

-5-